UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUNCAN GALVANIZING CORPORATION, *individually and on behalf of all those similarly situated,*<br><br>      *Plaintiff,*<br>vs.<br><br>THE LONDON METAL EXCHANGE LIMITED, LME HOLDINGS LIMITED, HONG KONG EXCHANGES & CLEARING LIMITED, GLENCORE XSTRATA, PLC, GLENCORE LTD., PACORINI METALS USA, LLC, THE GOLDMAN SACHS GROUP, INC., METRO INTERNATIONAL TRADE SERVICES LLC, and JPMORGAN CHASE & COMPANY,<br><br>      *Defendants.* | Case No. 14 Civ. 3728<br><br>Hon. Katherine B. Forrest<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: JUL 24 2014 |
| OKLAHOMA STEEL AND WIRE CO., INC., IOWA STEEL AND WIRE CO. and SOUTHWESTERN WIRE, INC., *individually and on behalf of all those similarly situated,*<br><br>      *Plaintiffs,*<br>vs.<br><br>GLENCORE XSTRATA, PLC, GLENCORE LTD., PACORINI METALS AG, PACORINI METALS USA, LLC, TRAFIGURA BV, TRAFIGURA AG, NEMS (USA) INC., IMPALA UK LTD., IMPALA USA INC., THE GOLDMAN SACHS GROUP, INC., GOLDMAN SACHS INTERNATIONAL, GS POWER HOLDINGS LLC, METRO INTERNATIONAL TRADE SERVICES | Case No. 14 Civ. 4290 (KBF)<br><br>Hon. Katherine B. Forrest |

| |
|---|
| LLC, JPMORGAN CHASE & COMPANY, J.P. MORGAN VENTURES ENERGY CORPORATION, HENRY BATH & SON, LTD., HENRY BATH LLC, LONDON METAL EXCHANGE LIMITED, LME HOLDINGS LIMITED, HONG KONG EXCHANGES & CLEARING, LTD., and JOHN DOES 1-20, <br><br> *Defendants.* |

## [PROPOSED] CASE MANAGEMENT ORDER No. 1

KATHERINE B. FORREST, District Judge:

This matter has come before the Court for the appointment of Zinc Direct Purchaser Plaintiffs' Interim Co-Lead Counsel.

1. On May 23, 2014, Plaintiff Duncan Galvanizing Corporation filed *Duncan Galvanizing Corporation v. The London Metal Exchange, Ltd, et al.*, Case 14-Civ. 3728 (KBF) ("Duncan Galvanizing Action").

2. On June 13, 2014, Plaintiffs Oklahoma Steel and Wire Co., Inc., Iowa Steel and Wire Co. and Southwestern Wire, Inc., filed *Oklahoma Steel and Wire Co., Inc. et al. v. Glencore Xstrata plc, et al.*, Case 14 Civ. 4290 (KBF) ("Oklahoma Steel Action").

I. **DEFINITIONS**

3. For purposes of this Order, the following definitions shall apply:

    (a) "Lead Zinc Actions" shall mean the Duncan Galvanizing Action and the Oklahoma Steel Action, collectively;

(b)     "Subsequent Zinc Actions" shall mean all civil actions now pending or other actions such as may be subsequently filed in, removed to, or transferred to this Court, asserting similar claims concerning zinc as made in the Lead Zinc Actions, if any; and

(c)     "Zinc Actions" shall mean the Lead Zinc Actions and any Subsequent Zinc Actions, collectively.

## II.     CONSOLIDATION; MASTER DOCKET AND FILE; CAPTIONS

1.      The Zinc Actions are hereby consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

2.      The Clerk of Court shall maintain a Master Docket and case file for the Zinc Actions under the low-numbered docket, *In re Zinc Antitrust Litigation*, 14 Civ. 3728 (KBF).

3.      All orders, pleadings, motions, and other documents filed in any or all of the actions now or hereafter subject to this order shall bear the following caption:

| IN RE ZINC ANTITRUST LITIGATION | Case No. 14 Civ. 3728 (KBF) |
|---|---|
| This document relates to: | Hon. Katherine B. Forrest |

4.      A paper pertinent to all of the Zinc Actions subject to this Order shall state that it applies to "ALL CASES." A paper pertinent to fewer than all of the Zinc Actions shall state the docket number of each individual case to which it

pertains. All papers filed in any of these cases shall be docketed on the Master Docket and on the docket of each individual case to which it pertains.

## III. APPOINTMENT OF ZINC DIRECT PURCHASER PLAINTIFFS' INTERIM CO-LEAD COUNSEL

5. The Court appoints the following counsel as Interim Co-Lead Counsel for all Direct Purchaser Plaintiffs and the Proposed Direct Purchaser Class:

      (a) Grant & Eisenhofer P.A.;

      (b) Lovell Stewart Halebian Jacobson LLP; and

      (c) Kessler Topaz Meltzer & Check LLP.

## IV. RESPONSIBILITIES OF INTERIM CO-LEAD COUNSEL

6. Interim Co-Lead Counsel shall be responsible for the overall conduct of the Zinc Actions on behalf of all Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class.

7. Except to the extent that Interim Co-Lead Counsel has specifically delegated an assignment to other counsel in any Zinc Action, Interim Co-Lead Counsel shall:

      (a) Initiate, coordinate, and conduct all common benefit pretrial discovery on behalf of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class in all actions consolidated with the instant MDL;

      (b) Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class;

(c) Cause to be issued in the name of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation;

(d) Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class;

(e) Examine witnesses and introduce evidence at hearings on behalf of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class;

(f) Act as spokesperson for Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class at pretrial proceedings and in response to any inquiries by the Court;

(g) Submit and argue any motions to the Court, and file any briefs in opposition to motions, on behalf of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class, which involve matters within the sphere of responsibilities of Interim Co-Lead Counsel;

(h) Explore, develop, and pursue all settlement options pertaining to the common benefit of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class;

(i) Maintain adequate files for all pretrial matters, including establishing and maintaining a document depository, and having those documents available, under reasonable terms and conditions, for examination by counsel for Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class;

(j) Perform any task necessary and proper to accomplish its responsibilities as defined by the Court's orders, including, in its discretion, organizing sub-committees comprised of attorneys of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class, and assigning them tasks;

(k) Collect time and expense reports from each firm (either personally or by designee), including paralegals and any other staff members whose time is expected to be included in any fee petition;

(l) Interim Co-Lead Counsel shall be responsible for preparing any application for an award (or approval) of fees and reimbursement of expenses by plaintiffs in the Zinc Actions, consistent with the Rules and Orders of this Court. Provided, the provisions of this subparagraph do not limit the discretion of Interim Co-Lead Counsel in basing an allocation of any fee award among plaintiffs' counsel in the Zinc Actions, whether based on lodestar, a percentage-based allocation, a combination of the two, or any other reasonable method of allocation, consistent with the Rules and Orders of this Court.

(m) Make and collect assessments (either personally or by designee) from some or all of plaintiffs' counsel in all Zinc Actions for the purpose of paying the costs necessary to prosecute the case;

(n) Employ and consult with experts;

(o) Convene meetings of plaintiffs' counsel when deemed appropriate;

(p) Conduct settlement negotiations with defense counsel on behalf of the Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class;

(q) Be the contact between plaintiffs' counsel in all Zinc Actions and the Court; and

(r) Perform such other functions as may be expressly authorized or directed by further orders of the Court.

8. The only person authorized to speak on behalf of Zinc Direct Purchaser Plaintiffs and the Proposed Zinc Direct Purchaser Class shall be Interim Co-Lead Counsel or an expressly authorized designee.

9. Defendants shall serve papers on Interim Co-Lead Counsel by electronic means or otherwise in compliance with the Rules and Orders of this Court.

10. Any agreement reached between Defendant(s) and Interim Co-Lead Counsel or its designee(s) for Zinc Direct Purchaser Plaintiffs, shall be binding on all other Zinc Direct Purchaser Plaintiffs (and their counsel), as set forth herein.

V. **CONSOLIDATED COMPLAINT**

11. Direct Purchaser Plaintiffs shall file a Consolidated Amended Complaint no later than 60 days from the date of the entry of this order.

VI. **APPLICABILITY TO LATER FILED CASES**

12. The provisions of this Order, including pretrial consolidation, shall apply automatically to all Zinc Actions, unless a plaintiff in a Subsequent Zinc Action objects to the applicability of this Order to its case by filing with the Court, within twenty-one (14) days after being instituted in or removed or transferred to this Court, an application for relief from this Order, and that application is granted by the Court for good cause shown.

**IT IS SO ORDERED.**

DATED: 7/23/14

_____
KATHERINE B. FORREST
United States District Judge